# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VALERIE VANAYA ESPINOZA,

    Petitioner,

v.                                       No. 24-cv-0862-WJ-LF

MESCALERO APACHE TRIBE, *et al.*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Valerie Vanaya Espinoza's *pro se* Petition for Tribal Writ of Habeas Pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241 (Doc. 1) (Petition). Also before the Court is her Motion to Proceed *In Forma Pauperis* (Doc. 3) (IFP Motion). The Petition consists of 475 pages and names over 40 Respondents. It appears to primarily challenge her banishment from the Mescalero Apache Tribe. Petitioner also raises claims for violations of the Constitution of the Mescalero Apache Tribe, the United States Constitution, state tort laws, and various federal statutes including 42 U.S.C. § 1983. *See* Doc. 1 at 2, 17-21. Petitioner seeks to vacate the tribal banishment/disenrollment order along with injunctive relief. *Id.* at 22.

The Petition is subject to preliminary review under Habeas Corpus Rule 4. *See* Habeas Corpus Rule 1(b) (the rules governing 28 U.S.C. §§ 2254 and 2255 can be applied in other habeas cases); *Pacheco v. Geisen*, 2019 WL 1493853, at *1, n.1 (D.N.M. Mar. 6, 2019) ("The Court has determined that the rules governing 28 U.S.C. § 2254 apply to actions under 25 U.S.C. § 1303."). The habeas rules require each petition to specify the grounds for relief, state the facts supporting

each ground, and state the relief requested.   *See* Habeas Corpus Rule 2.   Additionally, Fed. R. Civ. P. 8(a) requires each federal pleading to contain a short and plain statement of the grounds for relief.   *See Tuttamore v. Lappin*, 429 Fed. App'x 687, 689 (10th Cir. 2011) ("Rule 8 serves the important function of enabling the court and the defendant to know what claims are being asserted and to determine how to respond to those claims.").

The Court cannot perform its screening function here because the Petition functions as a classic shotgun pleading, bringing every conceivable claim against every conceivable respondent. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); *Pola v. Utah*, 458 Fed. App'x. 760, 762 (10th Cir. 2012) (affirming the dismissal of a pleading that "include[d] everything but the kitchen sink"); *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted").

Accordingly, Petitioner must file an amended habeas petition within thirty (30) days of entry of this Order.   The amended petition must be limited to habeas relief under 25 U.S.C. § 1303 and 28 U.S.C. § 2241.   Petitioner cannot obtain other types of civil relief in this habeas case.   *See Hamilton v. Bird,* 650 Fed. App'x 585, 588 (10th Cir. 2016) (noting the inmate "may not pursue civil rights and habeas claims in the same action").   The amended petition must also clearly identify the proper respondents—*i.e.,* the tribal council officials who were involved in Petitioner's banishment—and address whether she has exhausted her tribal remedies.   *See Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 28 F.4th 1051, 1054 (10th Cir. 2022) (holding tribal

2

exhaustion is a threshold issue in cases challenging tribal banishment, and finding district court erred when it determined the "in custody" jurisdictional requirement without first determining that tribal remedies had been exhausted); *Dry v. CFR Court of Indian Offenses for the Choctaw Nation,* 168 F.3d 1207, 1209 (10th Cir. 1999) (when presented with a § 1303 petition for habeas relief, the federal court must, in the first instance, determine whether the petitioner has exhausted tribal remedies); *Channing v. Seneca-Cayuga Nation*, 2024 WL 4271569, *4 (N.D. Okla. Sept. 23, 2024) (district courts must assess exhaustion prior to determining "complex conceptual questions surrounding banishment, including the relationship between 'detention' under ICRA and 'custody' under federal case law") (internal quotations omitted).   Typically, exhaustion of tribal remedies means pursuing them "to the final available forum," such as the tribal appellate courts or "the Tribe's supreme governmental body."   *Channing*, 2024 WL 4271569 at *4–5.   Further, "tribal exhaustion means an actual attempt, not merely speculation," and may not be bypassed by alleging "speculative futility" or "pessimism about tribal remedies."   *Id.* at 5 (citations omitted).

Any amendment must also comply with the rules governing federal and local civil procedure.   *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.").   Specifically, Petitioner's amended petition may not exceed 27 pages, and any exhibits must not exceed a total of 50 pages.   *See* D.N.M. LR-Civ. 7.5, 10.5.   If the amended petition includes exhibits, they should only be relevant to the habeas claims.   The failure to timely file an amended petition that complies with these instructions may result in dismissal of this action without further notice.

Finally, with respect to the IFP Motion, Petitioner's financial information reflects that she cannot afford to pay the $5.00 habeas filing fee.  *See* Doc. 3.  Petitioner is currently homeless, and her expenses exceed her small monthly income.  The Court will therefore grant the IFP Motion.

**IT IS ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* (**Doc. 3**) is **GRANTED**; and within thirty (30) days from entry of this ruling, Petitioner shall file an amended petition as set forth above.

_____
UNITED STATES MAGISTRATE JUDGE